UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID Q. WEBB,

                Plaintiff,

    v.

STATE OF WASHINGTON
DEPARTMENT OF SOCIAL AND
HEALTH SERVICES, *et al.*,

                Defendants.

CASE NO. 3:21-cv-05761-BHS

ORDER TO SHOW CAUSE OR
AMEND THE PROPOSED
COMPLAINT

This matter is before the Court on plaintiff's motion to proceed *in forma pauperis* ("IFP") and proposed complaint (Dkt. 1) and on referral from the District Court.

Plaintiff proceeds *pro se* and his proposed complaint is subject to screening by the Court under 28 U.S.C. § 1915(e)(2), which requires dismissal of a complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. Plaintiff's proposed complaint fails to state a claim upon which relief can be granted. However, the Court will grant plaintiff an opportunity to amend his proposed complaint to correct the deficiencies set forth herein.

1    If plaintiff chooses to amend his proposed complaint, he must file his amended proposed

2    complaint on or before November 26, 2021. Failure to do so or to comply with this Order will

3    result in the undersigned recommending dismissal of this matter without prejudice, meaning that

4    plaintiff will be able to bring is claims at a later date.

5    Finally, because it does not appear that plaintiff has presented this Court with a viable

6    claim for relief, the Court declines to rule on his IFP motion at this time. Instead, the Clerk shall

7    renote the IFP motion for the Court's consideration on November 26, 2021.

8                                              **BACKGROUND**

9    Plaintiff brings suit against twenty-seven defendants, which include the State of

10   Washington, Kitsap County, the Kitsap County Sheriff, several prosecutors and public defenders,

11   thirteen corrections officers, and medical providers. *See* Dkt. 1-1, at 2, 11–17. Plaintiff's claims

12   appear to arise out of criminal charges brought against him in 2019 and events that transpired

13   while he was a pretrial detainee. *See* Dkt. 1-1, at 26–44. He appears to bring his claims under 42

14   U.S.C. §§ 1983, and 2000d. *See id.* at 19–20. Plaintiff is seeking damages. *See id.* at 44.

15                                              **DISCUSSION**

16   **I.    Legal Standard**

17   A complaint "must contain a 'short and plain statement of the claim showing that the

18   pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R.

19   Civ. P. 8(a)(2)). To state a claim on which relief may be granted, plaintiff must go beyond an

20   "unadorned, the-defendant-harmed-me accusation[s]," "labels and conclusions," and "naked

21   assertions devoid of further factual enhancement." *Id.* at 678 (internal quotation marks and

22   citations omitted). Although the Court liberally interprets a *pro se* complaint, even a liberal

23   interpretation will not supply essential elements of a claim that plaintiff has not pleaded. *Ivey v.*

24

*Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). In addition to setting forth the legal framework of a claim, there must be sufficient factual allegations undergirding that framework "to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

When a plaintiff is proceeding *pro se*, this Court must "'construe the pleadings liberally and . . . afford the [plaintiff] the benefit of any doubt.'" *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (internal citation omitted). The claims will be dismissed only where it "'appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (internal citation omitted).

## I.     Form of Complaint

Plaintiff's proposed complaint includes lengthy recitations of law, excerpts from his habeas petition, contains a settlement offer, and presents a series of allegations without clearly identifying causes of action, which makes it particularly difficult to determine what claims plaintiff intends to bring. Plaintiff should be aware that a complaint that is too verbose, long, confusing, redundant, irrelevant, or conclusory may be dismissed for failure to comply with Rule 8. *See Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1058–59 (9th Cir. 2011) (citing cases upholding dismissals for those reasons). If plaintiff chooses to amend his proposed complaint, he is encouraged to review the proper forms and information for *pro se* filers, including a *pro se* handbook, that can be found on the district court's website at https://www.wawd.uscourts.gov/representing-yourself-pro-se.

///

///

1

## II.     42 U.S.C. § 2000d (Title VI)

2

It appears that plaintiff seeks to bring a Title VI claim against certain defendants. *See*

3

Dkt. 1-1, at 20–23. Title VI of the 1964 Civil Rights Act, 42 U.S.C. § 2000d *et seq.*, provides

4

that "[n]o person in the United States shall, on the ground of race, color, or national origin, be

5

excluded from participation in, be denied the benefits of, or be subjected to intentional

6

discrimination under any program or activity receiving Federal financial assistance." This statute

7

creates a private cause of action for claims of intentional discrimination. *Alexander v. Sandoval*,

8

532 U.S. 275, 279 (2001). To state a claim, a plaintiff must allege that the entity is engaging in

9

discrimination on the basis of a prohibited ground and that the entity receives federal financial

10

assistance. *Fobbs v. Holy Cross Health Sys. Corp.*, 29 F.3d 1439, 1447 (9th Cir. 1994) (citations

11

omitted), *overruled on other grounds by Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d

12

1131 (9th Cir. 2001).

13

District courts in this Circuit have uniformly ruled that defendants in their individual

14

capacities are not subject to suit under Title VI. *See, e.g.*, *Corbin v. McCoy*, 3:16-cv-01659-JE,

15

2018 WL 5091620, at \*7 (D. Or. Sept. 24, 2018) (cataloguing cases). This is because Title VI is

16

directed toward programs that receive federal financial assistance, so that there is no private right

17

of action against individual employees or agents of entities receiving federal funding. *Id.* A

18

plaintiff may bring a claim against a defendant who receives federal financial assistance in that

19

defendant's official capacity. *See Braunstein v. Ariz. Dep't of Trans.*, 683 F.3d 1177, 1189 (9th

20

Cir. 2012) (noting that Congress has abrogated the Eleventh Amendment immunity of states for

21

Title VI suits so that suits may be brought against officials in their official capacities).

22

Here, any claims against defendants in their personal capacity are not actionable under

23

Title VI. *See, e.g.*, *Corbin*, 2018 WL 5091620 at \*7. Furthermore, plaintiff does not explain how

24

1  any particular defendant's actions were motivated by racial discrimination. Plaintiff's proposed

2  complaint states that he is "[c]laiming [a]lleged [i]ntentional [d]iscrimination based on [p]laintiff

3  Webb's [r]ace and [n]ational [o]rigin . . . ." *See* Dkt. 1-1, at 23. However, the proposed

4  complaint does not contain any facts depicting any entity that engaged in discrimination.

5  Therefore, plaintiff has failed to state a colorable Title VI claim.

6  **III.    42 U.S.C. § 1983**

7  To state a claim under § 1983, a plaintiff must allege facts showing (1) the conduct about

8  which he complains was committed by a person acting under the color of state law; and (2) the

9  conduct deprived him of a federal constitutional or statutory right. *Wood v. Ostrander*, 879 F.2d

10  583, 587 (9th Cir. 1989). In addition, to state a valid § 1983 claim, a plaintiff must allege that he

11  suffered a specific injury as a result of the conduct of a particular defendant, and he must allege

12  an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423

13  U.S. 362, 371–72, 377 (1976).

14  If the person named as a defendant was a supervisory official, plaintiff must either state

15  that the defendant personally participated in the constitutional deprivation (and tell the Court the

16  things listed above), or plaintiff must state, if he can do so in good faith, that the defendant was

17  aware of the similar widespread abuses, but with deliberate indifference to plaintiff's

18  constitutional rights, failed to take action to prevent further harm to plaintiff and also state facts

19  to support this claim. *See Monell v. New York City Department of Social Services*, 436 U.S. 658,

20  691 (1978).

21  Plaintiff must repeat this process for each person he names as a defendant. If plaintiff

22  fails to affirmatively link the conduct of each named defendant with the specific injury suffered

23  by plaintiff, the claim against that defendant will be dismissed for failure to state a claim.

24

1    Conclusory allegations that a defendant or a group of defendants have violated a constitutional

2    right are not acceptable and will be dismissed.

3                    **A.  Claims Against the State of Washington**

4            Plaintiff named the State of Washington Department of Social and Health Services as a

5    defendant. *See* Dkt. 1-1, at 2. However, "[t]he Eleventh Amendment has been authoritatively

6    construed to deprive federal courts of jurisdiction over suits by private parties against

7    unconsenting States." *Seven Up Pete Venture v. Schweitzer*, 523 F.3d 948, 952 (9th Cir. 2008)

8    (citing *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996)). The State's immunity also

9    applies to its agencies, such as the Department of Social and Health Services. *See Beentjes v.*

10   *Placer Cty. Air Pollution Control Dist.*, 397 F.3d 775, 777 (9th Cir. 2005).

11           Plaintiff's complaint alleges that the State of Washington is liable for its policies

12   regarding mental evaluations and for not having policies and procedures to avoid violations of

13   constitutional rights. *See* Dkt. 1-1, at 21. However, claims alleging constitutional violations

14   based on state policies must be made against state officials in their official capacity and the

15   remedy sought must be declaratory or injunctive relief. *See Doe v. Regents of the Univ. of Cal.*,

16   891 F.3d 1147, 1153 (9th Cir. 2018). Here, plaintiff did not name a state official as a defendant

17   and is seeking money damages. *See* Dkt. 1-1, at 45. Therefore, plaintiff's proposed complaint

18   fails to state a colorable claim against the State of Washington.

19                    **B.  Claims Against County Defendants**

20           Plaintiff named Kitsap County and the Kitsap County Sheriff as defendants for the

21   conduct of other defendants. *See* Dkt. 1-1, at 2, 9. However, the Kitsap County Sheriff is not an

22   appropriate defendant because plaintiff "must name the county or city itself as party to the

23   action, and not the particular municipal department or facility where the alleged violation

24

occurred." *Osborne v. Vancouver Police*, 2017 WL 1294573 at *9 (W.D. Wash. 2017). While municipalities and local government units, such as Kitsap County, are considered persons for § 1983 purposes, they are only liable for policies, regulations, and customs adopted and promulgated by that body's officers. *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 690 (1978). To recover, plaintiff must show that county employees or agents acted through an official custom or policy that permits violation of plaintiff's civil rights, or that the entity ratified the unlawful conduct. *See Monell*, 436 U.S. at 690–91.

Here, plaintiff does not allege that any policy, regulation, or custom of the county violated a Constitutional or statutory right. He merely alleges supervisory liability. *See* Dkt. 1-1, at 29, 40. Therefore, plaintiff has failed to state a claim against the county defendants.

## C.  Claims Against Prosecutors

Plaintiff named three Kitsap County prosecutors, Jennine E. Christensen, Chad M. Enright, and Kelly Marie Montgomery, as defendants. *See* Dkt. 1-1, at 9–11. Generally, "acts undertaken by a prosecutor 'in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State,' are entitled to the protections of absolute immunity." *Milstein v. Cooley*, 257 F.3d 1004, 1008 (9th Cir. 2001) (quoting *Kalina v. Fletcher*, 522 U.S. 118, 126 (1997)). However, prosecutorial immunity does not extend to those actions of a prosecutor which are "administrative" or "investigative" in nature. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 341–32 (2009).

Here, plaintiff states that defendants Christensen and Enright acted as "Administrator/Investigator," but does not allege any facts to support this conclusion. *See* Dkt. 1-1, at 9–11. In fact, it appears that their conduct falls squarely within their roles as prosecutors. *See Milstein*, 257 F.3d at 1008. For example, plaintiff's claim against defendant Christensen

1    seems to be based on her bringing charges against him, because she did not serve him with

2    certain pleadings, and because she made certain arguments in a discovery motion. *See* Dkt. 1-1,

3    at 29–31. The only facts alleged regarding defendant Enright are that he was personally notified

4    of the conduct of the deputy prosecutors. *See id.* at 41. These allegations do not establish that the

5    defendants stepped outside of their role as advocates for the State and, therefore, the proposed

6    complaint does not state a § 1983 claim against them.

7          Plaintiff also alleges that defendant Montgomery fabricated a lie when she "advised" law

8    enforcement that plaintiff was known to have a "Cache of Guns and Other Dangers [sic]

9    Weapons." Dkt. 1-1, at 26. In certain situations, a prosecutor's advice to law enforcement is

10   considered to be outside of the official role of the prosecutor. *See Burns v. Reed*, 500 U.S. 478,

11   487, 491–92 (1991). However, plaintiff does not provide enough facts to establish such a claim

12   and he fails to state a § 1983 claim against defendant Montgomery because he does not allege

13   any harm that resulted from that statement. *See Rizzo*, 423 U.S. at 371–72, 377.

14   ### D.  Claims Against Public Defenders

15         Plaintiff named public defenders, Curt William Shulz, Paul D. Thimons, Nicholas Joseph

16   Dupont, John Scott Bougher, and Kevin M. Anderson, as defendants. *See* Dkt. 1-1, at 9–12, 16.

17   However, public defenders acting in their role as advocates are not considered state actors for

18   purposes of a § 1983 claim. *See Polk County v. Dodson*, 454 U.S. 312, 320–25 (1981). Even

19   when defense counsel renders ineffective assistance, defense counsel is still not a state actor for

20   purposes of § 1983. *See*, *e.g.*, *Wood v. Patrick*, 2017 WL 1368981, at *1–*3 (D. Nev. March 15,

21   2017) *report and recommendation adopted* 2017 WL 1371256 (noting that, although plaintiff

22   alleged his defense counsel provided ineffective assistance, affirmatively misled him, and

23

24

1    breached attorney-client privilege, defense counsel were still not state actors for § 1983

2    purposes).

3           Here, plaintiff appears to base his claims against the public defenders on various

4    allegations, ranging from stealing his jewelry to telling his mother not to call their office, all of

5    which he alleges was ineffective assistance of counsel. *See* Dkt. 1-1, at 38–40. However, plaintiff

6    does not state a colorable § 1983 claim against these defendants because he fails to establish that

7    his public defenders were acting under color of law. *See Polk*, 454 U.S. at 325.

8                          **E.  Claims Against Corrections Officers**

9           Plaintiff named thirteen corrections officers as defendants in their personal and official

10   capacities for a range of conduct that occurred while he was in custody. *See* Dkt. 1-1, at 12–15.

11   Claims against these defendants in their official capacities are treated as claims against the

12   county. *See supra*, section III.B; *Kentucky v. Graham*, 473 U.S. 159, 165 (9th Cir. 1985). As to

13   the claims in their personal capacity, it is unclear what claims plaintiff is attempting to bring

14   against many of these defendants. Plaintiff's proposed complaint contains a lengthy narrative of

15   several interactions with these officers but does not state what federal constitutional or statutory

16   right he was deprived of. The conduct he included in his proposed complaint ranges from certain

17   officers bringing him copies of documents he requested, to threatening to punish him for not

18   eating. *See* Dkt. 1-1, at 26, 33, 35. As previously stated, if plaintiff fails to affirmatively link the

19   conduct of each named defendant with the specific injury suffered by plaintiff, the claim against

20   that defendant will be dismissed for failure to state a claim. Furthermore, conclusory allegations

21   that a defendant or a group of defendants have violated a constitutional right are not acceptable

22   and will be dismissed.

23

24

1    Plaintiff appears to seek a claim for excessive force against certain defendants. *See* Dkt.

2    1-1, at 36 (alleging that defendant Branson grabbed plaintiff "extremely forceful" from behind).

3    However, to state a colorable claim for excessive force, plaintiff must allege enough facts to

4    establish that (1) defendants used force on plaintiff, (2) defendants' use of force was objectively

5    unreasonable in light of the facts and circumstances at the time, (3) defendants knew that using

6    force presented a risk of harm to plaintiff, but they recklessly disregarded plaintiff's safety by

7    failing to take reasonable measures to minimize the risk of harm to plaintiff, and (4) defendants'

8    conduct caused some harm to plaintiff. *Kingsley v. Hendrickson*, 576 U.S. 389, 393–395 (2015).

9    Plaintiff has not done that in his proposed complaint.

10          **F.  Claims Against Medical Providers**

11                **1.  Dr. Hedlund**

12    Plaintiff named Dr. Lynn Hedlund as a defendant for her role in his solitary confinement.

13    *See* Dkt. 1-1, at 41–42. Liberally construing plaintiff's proposed complaint, it appears he is

14    alleging a violation of his Due Process rights. The Due Process Clause of the Fourteenth

15    Amendment protects pretrial detainees by prohibiting the State from punishing them. *See Bell v.*

16    *Wolfish*, 441 U.S. 520, 535 n.16 (1979). Absent evidence of intent to punish, a pretrial detainee's

17    right to be free from punishment are not violated if conditions or restrictions used are reasonably

18    related to a legitimate objective. *See Block v. Rutherford*, 468 U.S. 576, 584 (1984) (citing *Bell*,

19    441 U.S. at 538–39 (1979)).

20    Here, plaintiff alleges that he was placed in a "suicide holding cell" because he did not

21    eat and that defendant Hedlund "would only allow [plaintiff] to be [r]eleased . . . if [h]e agreed

22    not to [h]arm himself." Dkt. 1-1, at 41. Based on these facts, it is not clear how the restrictions

23    imposed on plaintiff were not related to a legitimate objective. *See Block*, 468 U.S. at 584.

24

ORDER TO SHOW CAUSE OR AMEND THE
PROPOSED COMPLAINT - 10

1    Plaintiff does not provide any facts to the contrary. Therefore, as is, plaintiff's proposed

2    complaint does not state a colorable claim against defendant Hedlund.

3                            **2.   Naphcare**

4           Plaintiff named NaphCare as a defendant based on vicarious liability for Dr. Hedlund's

5    conduct. *See* Dkt. 1-1, at 41. However, "[t]here is no respondeat superior liability under [§]

6    1983." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *See also Rodriguez v. Cty. of Los*

7    *Angeles*, 891 F.3d 776, 798 (9th Cir. 2018) (explaining a supervisory official is liable under §

8    1983 "if there exists either (1) his or her personal involvement in the constitutional deprivation,

9    or (2) a sufficient causal connection between the supervisor's wrongful conduct and the

10   constitutional violation." (quotation marks and citation omitted)).

11          He also appears to allege deliberate indifference to his medical needs regarding a dental

12   procedure. *See id.* at 35. To establish a claim for deliberate indifference to his serious medical

13   needs, a plaintiff must demonstrate the following: (1) a defendant made an intentional decision

14   with respect to plaintiff's medical condition; (2) the condition put plaintiff at substantial risk of

15   suffering serious harm; (3) the defendant did not take reasonable measures to abate the risk; and

16   (4) by not taking such measures, the defendant caused plaintiff injury. *Gordon v. County of*

17   *Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018).

18          Here, plaintiff alleges that he waited four to six weeks before "Kitsap County Sheriff

19   Office Jail and the Medical Contractor (Naphcare) arranged to have the [t]eeth [e]xtracted by a

20   [c]ontract [d]entist. Dkt. 1-1, at 35. He alleges that he suffered a staphylococcal infection as a

21   result of the delay. *Id.* However, plaintiff does not allege enough facts to show that defendant

22   Naphcare made an intentional decision to delay his dental procedure. It is also unclear what

23   caused his infection. At another point in the complaint, plaintiff states that "it took the [d]ental

24

1    [c]ontract [p]rovider more than [o]ne (1) [h]our to pull the 2nd of [t]wo (2) [t]eeth, which

2    eventually lead [sic] to the [c]ontraction of some form of Staphylococcal Infection." Dkt. 1-1, at

3    44. Therefore, plaintiff's proposed complaint fails to establish a colorable claim against

4    defendant Naphcare. If plaintiff chooses to bring this claim in an amended proposed complaint,

5    he must include enough to demonstrate the four things listed above.

6                                    **3.   Nurse Fletcher**

7           Plaintiff named nurse LeShara Fletcher as a defendant for making slanderous statements

8    against him. *See* Dkt. 1-1, at 17, 44. Liberally construing plaintiff's complaint, the Court

9    interprets this as a claim for defamation. "There are two ways to state a cognizable § 1983 claim

10   for defamation-plus: (1) allege that the injury to reputation was inflicted in connection with a

11   federally protected right; or (2) allege that the injury to reputation caused the denial of a federally

12   protected right." *Herb Hallman Chevrolet v. Nash–Holmes*, 169 F.3d 636, 645 (9th Cir. 1999).

13   "[R]eputational harm alone does not suffice for a constitutional claim." *Miller v. California*, 355

14   F.3d 1172, 1178 (9th Cir. 2004).

15          Here, plaintiff alleged that defendant Fletcher "made a Slanderous Statement" when she

16   recorded in his medical record that plaintiff has "sporadic moments of delusional speech." *See*

17   Dkt. 1-1, at 44. However, plaintiff has not alleged that his reputation was injured in connection

18   with a federally protected right or that he was denied a federally protected right. Therefore,

19   plaintiff has failed to state a colorable § 1983 claim against defendant Fletcher.

20                       **INSTRUCTIONS TO PLAINTIFF AND THE CLERK**

21          Due to the deficiencies described above, unless plaintiff shows cause or amends the

22   proposed complaint, the Court will recommend dismissal of the proposed complaint without

23   prejudice. If plaintiff chooses to amend his proposed complaint, he must file his amended

24

ORDER TO SHOW CAUSE OR AMEND THE
PROPOSED COMPLAINT - 12

1  proposed complaint on or before **November 26, 2021**. Failure to do so or to comply with this

2  Order will result in the undersigned recommending dismissal of this matter without prejudice.

3      The amended complaint must be legibly rewritten or retyped in its entirety, it should be

4  an original and not a copy, it should contain the same case number, and it may not incorporate

5  any part of the original complaint by reference. The amended complaint will act as a complete

6  substitute for the original complaint, and not as a supplement.

7      An amended complaint supersedes all previous complaints. *Forsyth v. Humana, Inc.*, 114

8  F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds*, *Lacey v. Maricopa County*,

9  693 F.3d 896 (9th Cir. 2012). Therefore, the amended complaint must be complete in itself, and

10 all facts and causes of action alleged in the original complaint that are not alleged in the amended

11 complaint are waived. *Forsyth*, 114 F.3d at 1474.

12     The Clerk is directed to send plaintiff the appropriate forms so that he may file an

13 amended complaint. The Clerk is further directed to send copies of this Order to plaintiff.

14     If plaintiff fails to file an amended complaint or fails to adequately address the issues

15 raised herein on or before **November 26, 2021**, the undersigned will recommend dismissal of

16 this action pursuant to 28 U.S.C. § 1915.

17     Dated this 27th day of October, 2021.

18

19  _____

20  J. Richard Creatura
    Chief United States Magistrate Judge

21

22

23

24