UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID Q. WEBB,

                Plaintiff,

    v.

STATE OF WASHINGTON
DEPARTMENT OF SOCIAL AND
HEALTH SERVICES, *et al.*,

                Defendants.

CASE NO. 3:21-cv-05761-TL

REPORT AND RECOMMENDATION

NOTED FOR: January 14, 2022

This matter is before the Court on plaintiff's motion to proceed *in forma pauperis* ("IFP") and proposed complaint (Dkts. 1, 6) and on referral from the District Court.

Plaintiff proceeds *pro se* and his proposed complaint is subject to screening by the Court under 28 U.S.C. § 1915(e)(2), which requires dismissal of a complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. The Court previously screened plaintiff's proposed amended complaint, but the amended complaint fails to address many of the issues raised by the first screening and adds several other problematic allegations. It does not appear that amending the complaint again can cure these deficiencies. Therefore, the

1   Court recommends that the District Court sua sponte dismiss all defendants from the action

2   except Naphcare, Incorporated, pursuant to 28 U.S.C. § 1915(e) because plaintiff failed to state a

3   claim upon which relief can be granted against them and because further amendment would be

4   futile. Furthermore, because at least one claim against one defendant may be viable and plaintiff

5   does not appear to have sufficient funds to pay the filing fee, the Court grants plaintiff's motion

6   to proceed IFP. Because plaintiff is not a prisoner within the meaning of the Prison Litigation

7   Reform Act, the portion of the act requiring a prisoner to pay the filing fee in installments does

8   not apply to him. Therefore, the filing fee is waived. Plaintiff shall note that leave to proceed IFP

9   does not necessarily entitle plaintiff to a waiver of any other cost(s) of litigation.

10                                              **BACKGROUND**

11          Although the gravamen of plaintiff's lawsuit appears to arise from a delayed dental

12   procedure while he was a pretrial detainee, plaintiff has also alleged numerous other claims

13   against many of the people he interacted with as a result of the charges against him and several

14   other events that occurred during his pretrial detention. *See* Dkt. 6, at 27–60. Plaintiff's proposed

15   amended complaint is difficult to follow due to its length, repetitiveness, verbosity, and inclusion

16   of irrelevant content, but the Court has discerned the following allegations.

17          The triggering event appears to have occurred when McDonald's employees made a

18   police report that led to Kitsap County prosecutors filing charges for cyberstalking and

19   voyeurism against plaintiff, which plaintiff alleges violated his constitutional rights. *See* Dkt. 6,

20   at 13–14, 57–58. He alleges that he received ineffective assistance of counsel in defending

21   against these charges and brings claims against his public defenders because they engaged in a

22   range of conduct, from stealing his earring to telling his mother not to call their office. *Id.* at 55–

23   57.

24

Plaintiff then asserts that several of his constitutional rights were violated while he was a pretrial detainee at the Kitsap County Jail. He lists several interactions with thirteen corrections officers that he concludes violated his rights. *See* Dkt. 6, at 44–49. It is unclear what claims he is alleging against most of these defendants, but in one allegation plaintiff alleges that a corrections officer grabbed plaintiff from his collar and waist and pushed him fifty feet back to his cell, which caused him to urinate on himself from the fear. Dkt. 6, at 48. He also alleges that he was punished by jail staff when they placed him in a suicide holding cell after he refused to eat. *Id.* at 50.

Plaintiff then alleges that he was transported to Western State Hospital pursuant to a state trial court's order for a competency evaluation. Dkt. 6, at 29. He alleges that his stay at the hospital violated his constitutional rights and brings claims against the State of Washington and Kitsap County for not having policies and procedures in place to have prevented the violation of his rights. *Id.* at 28–29, 34–35. Finally, plaintiff alleges that he suffered a staph infection due to a delayed dental procedure by Naphcare, Incorporated, the Kitsap County Jail's medical care provider. *Id.* at 54–55, 60. Notably, plaintiff's only allegation of injuries is regarding his claim against this defendant. *Id.* at 60.

Plaintiff's initial proposed complaint named twenty-seven defendants. Dkt. 1-1, at 2, 11–17. On October 27, 2021, this Court ordered plaintiff to show cause or amend his complaint due to several deficiencies in his proposed complaint. Dkt. 5. Plaintiff filed a proposed amended complaint. Dkt. 6. Instead of removing certain defendants pursuant to the deficiencies identified by the Court (Dkt. 5), plaintiff added thirteen defendants—for a total of forty defendants—to his proposed amended complaint. Dkt. 6, at 11–13, 20–22.

///

1
                                    **DISCUSSION**

2      **I.      Legal Standard**

3              A complaint "must contain a 'short and plain statement of the claim showing that the

4      pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R.

5      Civ. P. 8(a)(2)). To state a claim on which relief may be granted, plaintiff must go beyond an

6      "unadorned, the-defendant-harmed-me accusation[s]," "labels and conclusions," and "naked

7      assertions devoid of further factual enhancement." *Id.* at 678 (internal quotation marks and

8      citations omitted). Although the Court liberally interprets a *pro se* complaint, even a liberal

9      interpretation will not supply essential elements of a claim that plaintiff has not pleaded. *Ivey v.*

10     *Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). In addition to setting forth the legal

11     framework of a claim, there must be sufficient factual allegations undergirding that framework

12     "to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v.*

13     *Twombly*, 550 U.S. 544, 570 (2007)).

14             When a plaintiff is proceeding *pro se*, this Court must "'construe the pleadings liberally

15     and . . . afford the [plaintiff] the benefit of any doubt.'" *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th

16     Cir. 2010) (internal citation omitted). The claims will be dismissed only where it "'appears

17     beyond doubt that the plaintiff can prove no set of facts in support of his claim which would

18     entitle him to relief.'" *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (internal citation

19     omitted).

20     **II.     Title VI Claims**

21             The Court ordered plaintiff to show cause or amend his proposed complaint to cure the

22     deficiencies the Court identified regarding his Title VI claims. *See* Dkt. 5, at 4. Instead of doing

23     so, plaintiff simply repeated his claims in his proposed amended complaint. *See* Dkt. 6, at 24–26.

24

As the Court previously explained, to state a claim under Title VI of the 1964 Civil Rights Act, 42 U.S.C. § 2000d *et seq.*, a plaintiff must allege that the entity is engaging in discrimination on the basis of a prohibited ground and that the entity receives federal financial assistance. *Fobbs v. Holy Cross Health Sys. Corp.*, 29 F.3d 1439, 1447 (9th Cir. 1994) (citations omitted), *overruled on other grounds by Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131 (9th Cir. 2001). District courts in this Circuit have uniformly ruled that defendants in their individual capacities are not subject to suit under Title VI. *See*, *e.g.*, *Corbin v. McCoy*, 3:16-cv-01659-JE, 2018 WL 5091620, at *7 (D. Or. Sept. 24, 2018) (cataloguing cases). This is because Title VI is directed toward programs that receive federal financial assistance, so that there is no private right of action against individual employees or agents of entities receiving federal funding. *Id.* A plaintiff may bring a claim against a defendant who receives federal financial assistance in that defendant's official capacity. *See Braunstein v. Ariz. Dep't of Trans.*, 683 F.3d 1177, 1189 (9th Cir. 2012) (noting that Congress has abrogated the Eleventh Amendment immunity of states for Title VI suits so that suits may be brought against officials in their official capacities).

Here, it appears that plaintiff is attempting to abrogate certain defendants' immunity by alleging that they discriminated against him. *See* Dkt. 6, at 19 ("Preemptive strikes with legal precedents for specific defendants not being able to claim absolute and/or qualified immunity to suit."). However, plaintiff does not provide any facts to support a Title VI claim and simply provides conclusory statements he is alleging discrimination based on his "Race and National Origin." *Id*. at 20, 34. As the Court previously stated, that is not enough to allege a Title VI claim. Therefore, because the amendment proved to be futile, the Court recommends that plaintiff's Title VI claims now be dismissed.

*///*

### III.    § 1983 Claims

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing (1) the conduct about which he complains was committed by a person acting under the color of state law; and (2) the conduct deprived him of a federal constitutional or statutory right. *Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989). In addition, to state a valid § 1983 claim, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant, and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

If the person named as a defendant was a supervisory official, plaintiff must either state that the defendant personally participated in the constitutional deprivation (and tell the Court the things listed above), or plaintiff must state, if he can do so in good faith, that the defendant was aware of the similar widespread abuses, but with deliberate indifference to plaintiff's constitutional rights, failed to take action to prevent further harm to plaintiff and also state facts to support this claim. *See Monell v. New York City Department of Social Services*, 436 U.S. 658, 691 (1978).

Plaintiff must repeat this process for each person he names as a defendant. If plaintiff fails to affirmatively link the conduct of each named defendant with the specific injury suffered by plaintiff, the claim against that defendant will be dismissed for failure to state a claim. Conclusory allegations that a defendant or a group of defendants have violated a constitutional right are not acceptable and will be dismissed.

### A.  State of Washington Defendants

Plaintiff named the State of Washington, the State of Washington Department of Social and Health Services, Washington State Hospital, the Washington State Attorney General as

1    defendants in his proposed amended complaint. *See* Dkt. 6, at 2, 11. This Court informed

2    plaintiff in its previous order, that "[t]he Eleventh Amendment has been authoritatively

3    construed to deprive federal courts of jurisdiction over suits by private parties against

4    unconsenting States." Dkt. 5, at 6 (citing *Seven Up Pete Venture v. Schweitzer*, 523 F.3d 948,

5    952 (9th Cir. 2008)). That immunity applies to its agencies as well. *See Beentjes v. Placer Cty.*

6    *Air Pollution Control Dist.*, 397 F.3d 775, 777 (9th Cir. 2005).

7        Plaintiff's proposed amended complaint contains the same claim and allegations against

8    the State of Washington that plaintiff presented in his first proposed complaint. *Compare* Dkt. 6,

9    at 28 with Dkt. 1-1, at 21. Plaintiff alleges that the State of Washington is liable for its policies

10   regarding mental evaluations and for not having policies and procedures in place to avoid

11   violations of constitutional rights. *See* Dkt. 6, at 28–29. However, claims alleging constitutional

12   violations based on state policies must be made against state officials in their official capacity

13   and the remedy sought must be declaratory or injunctive relief. *See Doe v. Regents of the Univ.*

14   *of Cal.*, 891 F.3d 1147, 1153 (9th Cir. 2018). Here, plaintiff is only seeking money damages. *See*

15   Dkt. 6, at 61–62. Therefore, plaintiff again fails to state a colorable claim against the State of

16   Washington and because allowing plaintiff to amend his proposed complaint proved to be futile

17   regarding this claim, the Court recommends that the State of Washington, the State of

18   Washington Department of Social and Health Services, the Washington State Hospital, and the

19   Washington State Attorney General be dismissed from the action.

20       Plaintiff also added several Washington State Hospital employees as defendants in their

21   official and individual capacities. Specifically, he named Dr. Barry Ward, Dr. Daniel Ruiz-

22   Paredes, and unnamed nurses and social workers. *See* Dkt. 6, at 11–12. However, the only

23   allegation plaintiff provides is that they "failed to act on having policies and procedures in place"

24

1  to prevent alleged constitutional violations regarding his court-ordered mental evaluation. *Id.* at

2  29. He does not allege any personal participation by any of these defendants to sufficiently allege

3  a claim in their personal capacities and claims against them in their official capacities fail for the

4  same reason that his claim against the state agency defendants fail. Therefore, the Court

5  recommends that these defendants be dismissed as well.

6  ### B.  County Defendants

7  Plaintiff named Kitsap County and Kitsap County's Sheriff, John Gese, as defendants in

8  his proposed amended complaint. *See* Dkt. 6, at 13. The Court previously informed plaintiff that

9  his claims against these defendants were deficient because he did not allege that any policy,

10  regulation, or custom of the county violated a Constitutional or statutory right and was merely

11  alleging supervisory liability, which is not available in § 1983 claims. *See* Dkt. 5, at 6–7.

12  Plaintiff's proposed amended complaint did not cure the deficiencies previously

13  identified by the Court. Plaintiff is still seeking to hold these defendants liable for the conduct of

14  their employees and does not allege that those employees were acting pursuant to an official

15  custom or policy that permits violation of his civil rights. *See* Dkt. 6, at 34–35. Because allowing

16  plaintiff the opportunity to amend his complaint regarding these claims proved to be futile, the

17  Court recommends that these defendants be dismissed from the action.

18  ### C.  Prosecutor Defendants

19  Plaintiff again named three Kitsap County prosecutors, Jennine E. Christensen, Chad M.

20  Enright, and Kelly Marie Montgomery, as defendants in his proposed amended complaint. *See*

21  Dkt. 6, at 13–14. Generally, "acts undertaken by a prosecutor 'in preparing for the initiation of

22  judicial proceedings or for trial, and which occur in the course of his role as an advocate for the

23  State,' are entitled to the protections of absolute immunity." *Milstein v. Cooley*, 257 F.3d 1004,

24

1    1008 (9th Cir. 2001) (quoting *Kalina v. Fletcher*, 522 U.S. 118, 126 (1997)). A prosecutor's

2    functions that are protected by absolute immunity include initiating a prosecution and presenting

3    the state's case and preparing and filing an arrest warrant. *KRL v. Moore*, 384 F.3d 1105, 1110–

4    11 (9th Cir. 2004) (citations omitted).

5           Plaintiff continues to seek to recover from these defendants based on conduct that is

6    within their roles as prosecutors. Against defendant Chad M. Enright, plaintiff alleges

7    supervisory liability for the conduct of his deputy prosecutors. *See* Dkt. 6, at 35. As to defendant

8    Jennine E. Christensen, plaintiff alleges his constitutional rights were violated because she

9    brought charges against him and because she made certain arguments in her motions. *Id.* at 36–

10    38, 41. Plaintiff also alleges that defendant Kelly Marie Montgomery violated his constitutional

11    rights when she told law enforcement that plaintiff had a cache of guns and other dangerous

12    weapons. *Id.* at 43. Despite plaintiff's conclusory statements that these defendants acted as

13    administrators/investigators, none of the facts alleged by plaintiff suggest that these prosecutors

14    stepped out of their roles as advocates for the state. Therefore, because the Court already

15    provided plaintiff an opportunity to amend his complaint, which proved to be futile, the Court

16    now recommends that all claims against the prosecutor defendants be dismissed.

17           **D.  Public Defender Defendants**

18           Plaintiff named public defenders, Curt William Shulz, Paul D. Thimons, Nicholas Joseph

19    Dupont, John Scott Bougher, and Kevin M. Anderson, as defendants. *See* Dkt. 6, at 14, 19.

20    However, public defenders acting in their role as advocates are not considered state actors for

21    purposes of a § 1983 claim. *See Polk County v. Dodson*, 454 U.S. 312, 320–25 (1981). Even

22    when defense counsel renders ineffective assistance, defense counsel is still not a state actor for

23    purposes of § 1983. *See*, *e.g.*, *Wood v. Patrick*, 2017 WL 1368981, at *1–*3 (D. Nev. March 15,

24

1  2017) *report and recommendation adopted* 2017 WL 1371256 (noting that, although plaintiff

2  alleged his defense counsel provided ineffective assistance, affirmatively misled him, and

3  breached attorney-client privilege, defense counsel were still not state actors for § 1983

4  purposes).

5        Plaintiff makes various allegations against these defendants, ranging from stealing his

6  jewelry to telling his mother not to call their office, all of which he alleges was ineffective

7  assistance of counsel. *See* Dkt. 6, at 55–57. However, plaintiff does not state a colorable § 1983

8  claim against these defendants because he fails to establish that they were acting under color of

9  law. *See Polk*, 454 U.S. at 325. Because the Court previously granted plaintiff an opportunity to

10  cure these deficient claims, which proved to be futile, the Court now recommends that the § 1983

11  claims against these defendants be dismissed.

12        Plaintiff also appears to bring state law claims against these defendants based on state tort

13  law. *See* Dkt. 6, at 34, 57. However, to the extent plaintiff has stated such a claim, it is not "so

14  related to claims in the action within such original jurisdiction that they form part of the same

15  case or controversy . . . ." 28 U.S.C. § 1367(a). Therefore, the Court recommends that any state

16  law claims against these defendants also be dismissed.

17        **E.  Corrections Officers Defendants and Dr. Hedlund**

18        The Court previously ordered plaintiff to show cause or amend his complaint regarding

19  his claims against thirteen corrections officers because it was unclear what federal claims he was

20  bringing against these defendants. *See* Dkt. 5, at 9–10. The Court also ordered to plaintiff to do

21  the same regarding his claims against Dr. Hedlund. *Id.* at 10–11. Plaintiff's proposed amended

22  complaint contains the same deficiencies as before. *See* Dkt. 6, at 44–49. He again lists several

23

24

interactions with these defendants without clearly stating what claims he is seeking to bring against most of them.

Against defendant Branson, plaintiff appears to allege that the officer used excessive force against him. Dkt. 6, at 48. The Court previously informed plaintiff that to state a colorable claim for excessive force, he must allege enough facts to establish that (1) defendants used force on plaintiff, (2) defendants' use of force was objectively unreasonable in light of the facts and circumstances at the time, (3) defendants knew that using force presented a risk of harm to plaintiff, but they recklessly disregarded plaintiff's safety by failing to take reasonable measures to minimize the risk of harm to plaintiff, and (4) defendants' conduct caused some harm to plaintiff. Dkt. 5, at 10 (citing *Kingsley v. Hendrickson*, 576 U.S. 389, 393–395 (2015)).

Plaintiff's proposed amended complaint continues to fail to allege enough facts to state a claim for excessive force. The only allegations plaintiff makes is that while he was speaking with a jail nurse defendant Branson grabbed plaintiff from his collar and waist and pushed him fifty feet back to his cell, which caused him to urinate on himself from the fear. Dkt. 6, at 48. This is insufficient to state a claim for excessive force. Notably, plaintiff continues to fail to allege an injury related to this incident. Plaintiff's proposed amended complaint only seeks recovery from injuries related to a delayed dental procedure, and not any injuries from excessive force by corrections officers. *See* Dkt. 6, at 60.

Against defendants Dr. Hedlund, David, and Glover, plaintiff appears to allege violation of his Due Process rights under of the Fourteenth Amendment, which protects pretrial detainees from punishment from the State. *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). However, absent evidence of intent to punish, a pretrial detainee's right to be free from punishment are not

1    violated if conditions or restrictions used are reasonably related to a legitimate objective. *See*

2    *Block v. Rutherford*, 468 U.S. 576, 584 (1984) (citing *Bell*, 441 U.S. at 538–39 (1979)).

3          In his proposed amended complaint, plaintiff continues to allege that these defendants

4    punished him by placing him in a suicide holding cell after he refused to eat from May 2, 2019 to

5    May 13, 2019. Dkt. 6, at 50. Again, based on these facts, it is not clear how the restrictions

6    imposed on plaintiff were not related to a legitimate objective. Plaintiff's conclusory statements

7    to the contrary are insufficient. Thus, plaintiff has failed to state a claim against these defendants.

8          Because plaintiff's amendment proved to be futile regarding these defendants, the Court

9    now recommends that they be dismissed from the action.

10    ### F.  McDonald's Defendants

11          Plaintiff added McDonald's Corporation and several employees of a McDonald's

12    franchise as defendants in his proposed amended complaint. *See* Dkt. 6, at 20–22. Plaintiff

13    appears to allege that these defendants violated his rights under the Washington State

14    Constitution, and that they are liable for state tort claims and vicarious liability statutes. *Id.* at 57.

15    However, other than vaguely listing these rights, plaintiff does not explain why or how they have

16    been violated. It appears that plaintiff's claims against these defendants arise out of a police

17    report McDonald's employees made against plaintiff. *See* Dkt. 6, at 57–58. But he fails to allege

18    a cognizable claim for any constitutional violations without explicitly alleging a legal theory of

19    how defendants violated these rights and what factual allegations support that theory.

20    Furthermore, even if plaintiff were to state a claim against these defendants, they would not be

21    "so related" to the other claims in his complaint that the Court may exercise supplemental

22    jurisdiction. *See* 28 U.S.C. § 1367(a).

23

24

Allowing plaintiff an opportunity to amend his proposed complaint regarding these defendants would be futile. Therefore, the Court recommends that all claims against the McDonald's defendants be dismissed.

### G.  Nurse Fletcher

Plaintiff named nurse Lashara Fletcher as a defendant because she recorded in his medical record that plaintiff has "sporadic moments of delusional speech." Dkt. 6, at 53–54. The Court previously ordered plaintiff to amend his complaint to cure the deficiencies regarding his claim against this defendant. *See* Dkt. 5, at 12. The Court stated that for plaintiff to state a cognizable § 1983 claim for defamation-plus he must either allege that the injury to reputation was inflicted in connection with a federally protected right or that the injury to reputation caused the denial of a federally protected right." *Id.* (quoting *Herb Hallman Chevrolet v. Nash–Holmes*, 169 F.3d 636, 645 (9th Cir. 1999)).

Plaintiff alleges that defendant Fletcher's false statement deprived him of the right "to be free from illegal detainment at the Western State Hospital." Dkt. 6, at 54. However, elsewhere in his proposed amended complaint plaintiff alleges that he was transported to Western State Hospital pursuant to a court order for competency evaluation. *Id.* at 29. Thus, plaintiff's allegation that defendant Fletcher caused his illegal detention is simply unsupported within his own complaint. Because allowing plaintiff to amend proved to be futile, the Court now recommends that defendant Fletcher be dismissed from the action.

### H.  Remaining Claims

The Court is not recommending dismissal of plaintiff's claims against defendant Naphcare, Incorporated. Dkt. 6, at 20. Plaintiff appears to be alleging deliberate indifference to his medical needs regarding a delayed tooth extraction and appears to have sufficiently alleged enough facts to support such a claim. Dkt. 6, at 54–55, 60.

1

**CONCLUSION**

2       Based on the foregoing, the Court grants plaintiff's motion to proceed IFP and

3   recommends the District Court sua sponte dismisses all defendants without prejudice except

4   Naphcare, Incorporated. Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties

5   shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed.

6   R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of

7   *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of

8   those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda*

9   *v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012). Accommodating the time limit imposed by Rule

10  72(b), the Clerk is directed to set the matter for consideration on **January 14, 2022**, as noted in

11  the caption.

12      Dated this 28th day of December, 2021.

13

14                                                      J. Richard Creatura
                                                        Chief United States Magistrate Judge
15

16

17

18

19

20

21

22

23

24