UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAVID Q. WEBB,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>STATE OF WASHINGTON DEPARTMENT OF SOCIAL AND HEALTH SERVICES, et al.,<br><br>　　　　　　Defendants. | CASE NO. 3:21-cv-05761-TL<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION; RE-NOTING PLAINTIFF'S MOTION TO APPOINT COUNSEL; AND STRIKING PLAINTIFF'S MOTIONS TO FILE THIRD AMENDED COMPLAINT, FOR REQUEST FOR DECISION, AND FOR SERVICE BY U.S. MARSHAL |

　　　This matter comes before the Court on the Report and Recommendation of the Honorable J. Richard Creatura, Chief United States Magistrate Judge (Dkt. No. 9) and Plaintiff David Q. Webb's objections to the Report and Recommendation (Dkt. No. 10). While a decision on the Report and Recommendation was pending, Plaintiff filed a Motion to File Third Amended Complaint (Dkt. No. 11) as well as a Motion for Request for Decision on that amendment (Dkt. No. 13) and a Motion for Service by U.S. Marshal (Dkt. No. 14). Having reviewed the Report

and Recommendation, Plaintiff's objections, and the remaining record, the Court ADOPTS the Report and Recommendation and OVERRULES the objections. The Court further re-notes Plaintiff's Motion to Appoint Counsel. Finally, the Court STRIKES Plaintiff's Motion to File Third Amended Complaint, Plaintiff's Motion for Request for Decision, and Plaintiff's Motion for Service by U.S. Marshal.

A district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3) (the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *accord* 28 U.S.C. § 636(b)(1). A party properly objects when the party files "specific written objections" to the report and recommendation as required under Federal Rule of Civil Procedure 72(b)(2).

The Court has reviewed the Report and Recommendation as well as Plaintiff Webb's objections. Plaintiff Webb filed twelve objections to the Report and Recommendation. Eleven of the objections are premised on the same contentions, which appear to be: (1) that this Court has authority to take further evidence, and Plaintiff then attempted to provide further evidence via the unauthorized filing of a proposed Third Amended Complaint;[1] and (2) that the Court needs to screen the complaint under 28 U.S.C. § 1915 *before* ruling on the Report and Recommendation.

---

[1] Plaintiff Webb also filed a proposed Second Amended Complaint (Dkt. No. 8) but withdrew that in the motion to file a Third Amended Complaint. Dkt. No. 11 at 4. In any event, when a Plaintiff amends a complaint, it supersedes the original complaint. *See Falck N. Calif. Corp. v. Scott Griffith Collaborative Sols.*, 25 F.4th 763, 765 (9th Cir. 2022) ("The general rule is that an amended complaint supersedes the original complaint and renders it without legal effect.") (citation and internal alterations omitted).

While it "may" take further evidence if doing so would be useful, *see* Fed. R. Civ. P. 72(b)(3), this Court has discretion not to do so. The Court declines to take further evidence in this instance because the further evidence is insufficient for the same reasons stated in Judge Creatura's Report and Recommendation. Plaintiff Webb made insertions in the proposed Third Amended Complaint (1) to supplement facts regarding the claims against McDonald's and (2) to add a number of additional defendants. Dkt. No. 11 at 4–5. The additional allegations do not change the fact that the claim against McDonald's Corporation and several employees of a McDonald's franchise involves state claims (indeed, they appear in a count titled "Count IX: Washington State Constitution, Article 1, Section 3," Dkt. No. 11-1 at 68–69) that are not "so related to claims in the action within [a court's] original jurisdiction that they form part of the same case or controversy" to qualify for supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a). *See also* Report and Recommendation, Dkt. No. 9 at 12. The additional defendants added by plaintiffs are all judges who appeared to be acting in the normal course of their duties and who, like the prosecutors and defense attorneys named in the original complaint, *see id*. at 8–10, are protected by absolute immunity for actions taken within an official capacity. *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991) (finding that judicial immunity is only overcome for actions that are either not taken in the judge's official capacity or "taken in the complete absence of all jurisdiction"). As to Plaintiff's second contention, the Report and Recommendation arises from, and does engage in a thorough analysis based on, 28 U.S.C. § 1915.

      Plaintiff Webb's final objection is that "the Report and Recommendation inadvertently makes the wrong reference to the Criminal Charges resulting from the McDonald's Employees making Police Reports that led to the Kitsap County Prosecutor Filing Charges." However, the specific charges against Plaintiff have no bearing on the reasoning of the Report and Recommendation or on its overall validity.

For the foregoing reasons, the Court hereby ORDERS that:

(1) The Report and Recommendation is ADOPTED;

(2) Plaintiff's objections are OVERRULED;

(3) Plaintiff's claims against all defendants except Naphcare, Inc., are DISMISSED without prejudice;

(4) Plaintiff may file a fourth amended complaint **against Naphcare, Inc., only** by **July 5, 2022**.

(5) The Court will consider Plaintiff Webb's Motion to Appoint Counsel should an appropriate amended complaint be filed. The clerk shall re-note Plaintiff Webb's Motion to Appoint Counsel (Dkt. No. 15) to **July 22, 2022**.

(6) The pending motion to amend the complaint (Dkt. No. 11) and subsequent motion requesting a decision on that motion (Dkt. No. 13) and motion for service by a U.S. Marshal (Dkt. No. 14) are STRICKEN;

(7) Plaintiff may file a new motion for service of summons by a U.S. Marshal on **Naphcare, Inc., only** upon the filing of the fourth amended complaint.

Dated this 3rd day of June 2022

Tana Lin
United States District Judge