UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAVID Q. WEBB,<br><br>               Plaintiff,<br>   v.<br><br>NAPHCARE, INC.,<br><br>              Defendant.[1] | CASE NO. 3:21-cv-05761-TL<br><br>ORDER DENYING APPOINTMENT OF COUNSEL |

      This matter comes before the Court on *pro se* Plaintiff David Q. Webb's Motion to Appoint Counsel (Dkt. No. 15). Plaintiff had originally filed this motion in late 2021. When the Court adopted the Report and Recommendation in this case, it re-noted the Motion to Appoint Counsel to July 22, 2022, to give Plaintiff ample opportunity to amend his complaint. *See* Dkt. No. 19 at 4. Plaintiff amended his complaint as directed, and the amended complaint was filed on

---

[1] The case caption has been updated to reflect dismissal of all but one defendant, NaphCare, Inc.

June 9, 2022. Dkt. No. 20. Having reviewed the amended complaint, the Motion to Appoint Counsel, and the governing law, the Court DENIES the motion to appoint counsel.

## I. DISCUSSION

While there is "no constitutional right to counsel in a civil case," *Adir Int'l, LLC v. Starr Indem. & Liab. Co.*, 994 F.3d 1032, 1038–39 (9th Cir. 2021) (internal citation omitted), a "court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). A district court has discretion to appoint counsel for indigent litigants "to commence, prosecute or defend a civil action," *U.S. v. McQuade*, 579 F.2d 1180, 1181 (9th Cir. 1978), but the Ninth Circuit "has limited the exercise of that power to exceptional circumstances." *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980). In determining whether exceptional circumstances exist, the Court must evaluate both (1) the likelihood of success on the merits and (2) the litigants' ability to articulate their claims without representation, in light of the complexity of the legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id*. (internal citations omitted). Exceptional circumstances may exist where the litigant has an insufficient grasp of the legal issues involved or is unable to state the factual bases of the claims. *See Agyeman v. Corr Corp. of Am.*, 390 F.3d 1101, 1103–04 (9th Cir. 2004) (requiring appointment of counsel where a case was unusually complex due to case law as well as litigant's personal circumstances), *cert. denied* 545 U.S. 1128; *see also Tilei v. McGuinness*, 642 Fed.Appx. 719, 722 (9th Cir. 2016) (appointing counsel where, among other reasons, litigant likely needed expert testimony to prevail on deliberate indifference claim).

Plaintiff Webb has been granted leave to file this case *in forma pauperis*, as Plaintiff did not appear to have sufficient funds to pay the case filing fee. Dkt. No. 9 at 2. Plaintiff also notes his unsuccessful efforts to obtain counsel, which included outreach to over two dozen

attorneys/firms, including several law school clinics. Dkt. No. 15 at 2. Plaintiff's amended complaint states a colorable deliberate indifference claim against Defendant NaphCare for failure to provide timely dental care while Plaintiff Webb was being held in pre-trial detention in Kitsap County, leading to a staph infection that caused significant pain and suffering. Dkt. No. 20 at 4–5. He seeks $1,325,000 in monetary damages from Defendant "and/or it's Indemnification Insurer." *Id*. at 6.

The Court does not find exceptional circumstances at this time. Plaintiff Webb's persistent and detailed litigation of this matter demonstrates his ability to litigate his claim *pro se* in light of the legal issues involved. Plaintiff has shown a fairly sophisticated grasp of legal research and briefing, and at this early stage in the case, it does not appear that he needs assistance of counsel to continue litigating this claim. Further, the reasons he requested counsel to be appointed in the first place were based on (1) "the Extreme Complexity of Interwoven Legal Entanglement, involving more than Two (2) Dozen Defendants;" (2) "most important[ly]," that Plaintiff Webb cannot afford to serve so many defendants; (3) that Plaintiff Webb is homeless and unemployed and taking a long time to screen his complaint would cause him "irreparable" harm; and (4) that Plaintiff wanted to add McDonald's Corporation and a franchise owner as defendants. Dkt. No. 15 at 4–5. None of these reasons are currently applicable. The case has been significantly narrowed, and only the claims against a single defendant remain at issue. The McDonald's defendants have been dismissed. In its Order adopting the Report and Recommendation on his motion to proceed *in forma pauperis* and proposed complaint, the Court informed Plaintiff he could file a new motion for service of summons by a U.S. Marshal upon the filing of his fourth amended complaint. Dkt. No. 19 at 4.

In addition, throughout his briefing, Plaintiff has shown that he is capable of researching case law, making arguments, and registering for electronic service via the Court's electronic

ORDER DENYING APPOINTMENT OF COUNSEL - 3

filing system. Moreover, with the narrowing and now focused claims of his Fourth Amended Complaint, it may be possible for Plaintiff to secure private counsel.

Accordingly, the Court finds that Plaintiff has not met his burden of establishing the circumstances that warrant an appointment of counsel at this point in the litigation. As the case moves forward, Plaintiff may renew his motion for appointment of counsel if appropriate. If the Court later orders an evidentiary hearing, counsel may also be appointed if Plaintiff qualifies.

## II.  CONCLUSION

Plaintiff's motion to appoint counsel (Dkt. No. 15) is DENIED without prejudice.

Dated this 16th day of June 2022.

Tana Lin
United States District Judge