UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAVID Q. WEBB,<br><br>            Plaintiff,<br>    v.<br><br>NAPHCARE, INC.,<br><br>            Defendant. | CASE NO. 3:21-cv-05761-TL<br><br>ORDER REFERRING MOTION FOR APPOINTMENT OF COUNSEL TO THE PRO BONO PANEL AND STAYING CASE |

This matter comes before the Court on Plaintiff David Q. Webb's renewed motion for appointment of counsel (Dkt. No. 40). Having reviewed the motion, relevant record, and governing law, the Court REFERS the motion to the Western District of Washington's Pro Bono Panel Screening Committee (Screening Committee).

### I.  BACKGROUND

Plaintiff initially filed a motion for appointment of counsel on December 28, 2021. Dkt. No. 15. The Court denied the motion with leave to amend because he did not appear to require

ORDER REFERRING MOTION FOR APPOINTMENT OF COUNSEL TO THE PRO BONO PANEL AND STAYING CASE - 1

assistance of counsel to litigate his claims at that time but invited Plaintiff to renew the motion, if appropriate, at a later stage in the case. Dkt. No. 23 at 3–4.

## II. DISCUSSION

While there is "no constitutional right to counsel in a civil case," (*Adir Int'l, LLC v. Starr Indem. & Liab. Co.*, 994 F.3d 1032, 1038–39 (9th Cir. 2021) (internal citation omitted), *cert. denied*, 142 S. Ct. 861 (2022)), a "court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). A district court has discretion to appoint counsel for indigent litigants "to commence, prosecute or defend a civil action" under this statute (*United States v. McQuade*, 579 F.2d 1180, 1181 (9th Cir. 1978)), but the Ninth Circuit "has limited the exercise of that power to exceptional circumstances." *Aldabe v. Aldabe,* 616 F.2d 1089, 1093 (9th Cir. 1980). In determining whether exceptional circumstances exist, the Court must evaluate both (1) the likelihood of success on the merits and (2) the litigants' ability to articulate their claims without representation, in light of the complexity of the legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *accord Tai Huynh v. Callison*, 700 F. App'x 637, 638 (9th Cir. 2017). "Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id*. (internal citations omitted). Exceptional circumstances may exist where the litigant has an insufficient grasp of the legal issues involved or is unable to state the factual bases of the claims. *See Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103–04 (9th Cir. 2004) (requiring appointment of counsel where a case was unusually complex due to case law as well as litigant's personal circumstances), *cert. denied* 545 U.S. 1128 (2005); *see also Tilei v. McGuinness*, 642 F. App'x 719, 722 (9th Cir. 2016) (appointing counsel where, among other reasons, litigant likely needed expert testimony to prevail on deliberate indifference claim based on inadequate medical treatment).

Plaintiff has been granted *in forma pauperis* status (Dkt. No. 9 at 2) and had stated a claim for deliberate indifference against Defendant NaphCare that was sufficient to pass through screening under 28 U.S.C. § 1915. *See* Dkt. No. 19 at 4; Dkt. No. 23 at 3. He asserts that he spent more than eighteen months seeking *pro bono* counsel or an attorney who would take this case on for a contingency fee. Dkt. No. 40 at 3. Since the Court's order denying appointment of counsel (Dkt. No. 23), the sole remaining defendant in the case has filed a motion to dismiss that, if granted, would result in dismissal of all of Plaintiff's remaining claims. *See* Dkt. No. 33. One of the bases for the motion is a failure to serve, even though the Court attempted service of the summons and complaint on Plaintiff's behalf. *See id.* at 3; *see also* Dkt. No. 29 (directing the U.S. Marshal Service to serve Defendant).

Plaintiff's response to the motion to dismiss reveals a lack of understanding of the process of effectuating service and difficulties rebutting the legal arguments presented by Defendant NaphCare. Dkt. No. 37. Plaintiff believes that opposing counsel has engaged in "legal shenanigans" by refusing to accept service of process. *Id.* at 4. He also totally failed to address Defendant's main argument—that the deliberate indifference claim fails as a matter of law. *See id.*; *see also* Dkt. No. 33 at 4–5.

Plaintiff has a reasonably high likelihood of success on the merits if he is able to prove that his staph infection was caused by inadequate or delayed medical treatment; however, given the legal complexities of bringing a Section 1983 claim against an entity such as Defendant NaphCare, Plaintiff does not appear able to successfully litigate this potentially meritorious case beyond the pleadings stage. Therefore, the Court finds that exceptional circumstances warranting appointment of counsel exist in this case.

This District has implemented a plan for court-appointed representation of civil rights litigants. General Order No. 16-20. The plan currently in effect requires the Court to assess a

plaintiff's case before forwarding it to a *pro bono* screening committee for further review and a possible appointment of *pro bono* counsel. *Id.*, § 3(c) (Dec. 8, 2020). The Court assesses the plaintiff's case to determine that it is not frivolous and that the plaintiff is financially eligible. *Id.* For the reasons discussed, Plaintiff's submissions satisfy the Court that there is an adequate basis to refer his case to the Screening Committee.

### III.   CONCLUSION

For the above reasons, the Court orders as follows:

(1) Under Section 3(c) of the district's *pro bono* plan, the Court DIRECTS the Clerk of Court to forward to the Screening Committee copies of the pleadings and documents filed to date including the following: Plaintiff's *in forma pauperis* application (Dkt. No. 1), the order granting *in forma pauperis* status (Dkt. No. 9), the operative complaint (Dkt. No. 20), the briefing on and response to Defendant's Motion to Dismiss (Dkt. Nos. 33–34, 37–38, 45), Plaintiff's Motion for Sanctions (Dkt. No. 39), the renewed motion for appointment of counsel (Dkt. No. 40), and the instant Order. *See* General Order No. 16-20, § 3(c).

(2) In light of the Court's referral of this case to the Pro Bono Panel Screening Committee, this matter—including the pending Motion to Dismiss (Dkt. No. 33), and the Motion for Sanctions (Dkt. No. 39)—will be STAYED pending consideration by the Screening Committee.

(3) The Screening Committee is DIRECTED to review the case and recommend to the Court whether appointment of *pro bono* counsel is warranted per General Order No. 16-20 by no later than **December 7, 2022**.

(4) The Clerk is DIRECTED to re-note Plaintiff's Renewed Motion for Appointment of Counsel (Dkt. No. 40) for December 7, 2022, pending the Screening Committee's recommendation.

(5) Plaintiff is REMINDED that the motion remains pending and that the referral to the Screening Committee does not guarantee that he will be provided *pro bono* counsel.

Dated this 7th day of November 2022.

Tana Lin
United States District Judge