UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAVID Q. WEBB,<br><br>    Plaintiff,<br>  v.<br><br>NAPHCARE, INC.,<br><br>    Defendant. | CASE NO. 3:21-cv-05761-TL<br><br>ORDER REFERRING CASE TO PRO BONO PANEL |

This matter comes before the Court on Plaintiff David Q. Webb's renewed motion to appoint counsel. Dkt. No. 40. Upon reviewing the relevant record, governing law, and the Western District of Washington's Pro Bono Panel Screening Committee's recommendation on the motion, the Court GRANTS the motion.

I.   BACKGROUND

Plaintiff initially filed this case in late 2021, seeking leave to proceed *in forma pauperis* (without payment of a filing fee). Dkt. No. 1. On December 28, 2021, Plaintiff filed a motion to

appoint counsel. Dkt. No. 15. On June 3, 2022, this Court adopted a report and recommendation dismissing all defendants in this case except for Defendant NaphCare, Inc., as Plaintiff had pleaded sufficient facts to support allegations that NaphCare, Inc., had been deliberately indifferent to his medical needs regarding a delayed tooth extraction, causing significant injury. Dkt. No. 6 (amended proposed complaint); Dkt. No. 9 at 13 (report and recommendation); Dkt. No. 19 (order adopting report and recommendation). On June 9, 2022, Plaintiff filed a new amended complaint against NaphCare, Inc., only and alleging a single claim of deliberate indifference to medical needs. Dkt. No. 20. Soon after, the Court denied Plaintiff's motion to appoint counsel without prejudice, explaining that it appeared that Plaintiff was capable of litigating his claim at that early stage in the litigation and that with the narrowing of his complaint to a single claim, it would perhaps be possible for him to secure private counsel. Dkt. No. 23 at 3–4.

On September 22, 2022, Defendant filed a motion to dismiss (Dkt. No. 33), and on September 27, 2022, Plaintiff filed a renewed motion to appoint counsel (Dkt. No. 40). The renewed motion was originally noted for October 14, 2022, but Defendant did not initially file an opposition to the motion. On November 7, 2022, the Court referred Plaintiff's request to the Western District of Washington's Pro Bono Panel Screening Committee and also re-noted his motion to appoint counsel to December 7, 2022. Dkt. No. 48. Defendant filed an opposition brief and a declaration supporting its opposition on December 5, 2022. Dkt. Nos. 50, 51.

On December 7, 2022, the Pro Bono Panel Screening Committee informed the Court of its recommendation to appoint counsel in the instant case.

## II. DISCUSSION

As the Court has already explained, exceptional circumstances (based on a combination of likelihood of success on the merits and a litigant's ability to articulate claims without legal

representation) may warrant appointment of counsel. *See* Dkt. No. 48 at 2. The Court found that Plaintiff had a reasonably high likelihood of success on the merits and that his responsive briefing to the motion to dismiss revealed "a lack of understanding of the process of effectuating service and difficulties rebutting the legal arguments presented by Defendant NaphCare." *Id.* at 3.

      Defense counsel point to over a dozen cases litigated by Plaintiff within this district and other courts this past year that "ended by denial or dismissal," including two cases before the undersigned, as evidence that Plaintiff's "navigation of courts is inconsistent with someone with a true inability to grasp his case, nor with someone lacking legal resources" and that the Court "should consider Plaintiff's history of improper litigation across the Country." Dkt. No. 50 at 2–5. The Court is well aware of Plaintiff's frequent filing history and is mindful of the expenditure of judicial resources in this ongoing litigation. However, in this instance, it is hesitant to deny the appointment of counsel to a plaintiff with a potentially meritorious claim concerning alleged medical neglect and suffering when his recent filings demonstrate an inability to adequately litigate that claim on his own. As additional evidence of Plaintiff's lack of understanding of how to effectively proceed with this case *pro se*, Plaintiff in his reply brief makes irrelevant, bordering on nonsensical, legal arguments regarding wanting to certify a question to the United States Supreme Court and whether the Civil Rights Act of 1964 completely abrogated the Eleventh Amendment. *See* Dkt. No. 52. At no point in the reply brief does Plaintiff even mention why he believes he needs the support of Court-appointed counsel to bring this case. *See id.*

      The Pro Bono Panel Screening Committee's recommendation to appoint counsel in this matter also carries significant weight. The Committee is required to consider factors including "the capability of the *pro se* party to present the case", "the nature and complexity of the action", "the potential merit of the claims as set forth in the pleadings", and "the degree to which the

interests of justice will be served by the appointment of counsel, including the benefit the Court may derive from the assistance of appointed counsel." General Order 16-20 at 4–5 (W.D. Wash. Dec. 8, 2020).

### III. CONCLUSION

For the above reasons, the Court GRANTS Plaintiff David Q. Webb's renewed motion for appointment of counsel (Dkt. No. 40). The District Coordinator of the Pro Bono Panel is DIRECTED to identify counsel from the Pro Bono Panel to represent Plaintiff in all further proceedings in this matter, should Plaintiff consent once contacted by pro bono counsel. *See* General Order 16-20. Plaintiff is advised that this Order does not guarantee that the Panel will identify counsel willing to represent him on a pro bono basis in this matter.

Dated this 15th day of December 2022.

Tana Lin
United States District Judge