UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAVID Q. WEBB,<br><br>            Plaintiff,<br>   v.<br>NAPHCARE, INC.,<br><br>            Defendant. | CASE NO. 3:21-cv-05761-TL<br><br>ORDER ON RESPONSE TO ORDER OF REFERRAL TO THE PRO BONO PANEL |

This matter comes before the Court on *pro se* Plaintiff David Q. Webb's responsive filing (Dkt. No. 54) to the Court's Order referring his case to the Western District of Washington's Pro Bono Panel (Dkt. No. 53). Having reviewed the relevant record and governing law, the Court STRIKES the filing and Defendant NaphCare's reply (Dkt. No. 55).

I.     BACKGROUND

On January 5, 2023, Plaintiff filed a "Motion Holding Defendants Accountable for Deliberate Indifference," even though the document itself is labelled as "Response to Order

Referring Motion for Appointment of Counsel to the Pro Bono Panel and Staying Case." Dkt. No. 54. The Court will refer to the filing as Plaintiff's Response.

## II. DISCUSSION

On December 15, 2022, the Court referred Plaintiff's Motion for Appointment of Counsel to the Pro Bono Panel and stayed the case. Dkt. No. 53. Plaintiff's Response suggests the appointment of a specific attorney (Dkt. No. 54 at 1) and additionally attaches a news article about Defendant NaphCare (Dkt. No. 54-2). Plaintiff also provides a list of counsel he attempted to contact in the past for assistance. Dkt. 54-1 at 3. While this would have been relevant information for a motion to appoint counsel, the Court has already granted that request. Dkt. No. 53. Defendant filed a Reply (Dkt. No. 55), seeking to strike Plaintiff's Response or, at a minimum, the news article.

As the Court has previously explained, its referral could result in "a *possible* appointment" of pro bono counsel. Dkt. No. 48 at 4 (emphasis added). The Court's most recent Order further explicitly informed Plaintiff that its referral to the Pro Bono Panel "does not guarantee that the Panel will identify counsel willing to represent him on a pro bono basis in this matter." Dkt. No. 53 at 4. Plaintiff can review the plan for Court-appointed representation of civil rights litigants. *See* General Order No. 16-20, https://www.wawd.uscourts.gov/sites/wawd/files/GO16-20AmendedProBonoPlan.pdf. The Court again emphasizes that the referral to the Pro Bono Panel does not guarantee the provision of counsel at all, and it does not allow Plaintiff to request specific counsel.

## III. CONCLUSION

To the extent Plaintiff requests the appointment of specific counsel of his choice, the request is DENIED. Further, as the Court finds Plaintiff's Response improper, the Court STRIKES

the filing (Dkt. No. 54) in its entirety. As a result, the Court also STRIKES Defendant's Reply (Dkt. No. 55) AS MOOT.

Dated this 19th day of January 2023.

Tana Lin
United States District Judge