UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID Q. WEBB,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>NAPHCARE, INC.,<br><br>　　　　　　　Defendant. | CASE NO. 3:21-cv-05761-TL<br><br>ORDER REGARDING PRO BONO COUNSEL |

　　　　This action arises from Plaintiff David Q. Webb's claim for deliberate indifference to medical needs while incarcerated against Defendant NaphCare, Inc. Dkt. No. 20. This matter is before the Court on Plaintiff's renewed request for court-appointed counsel (the "Motion for Counsel"). Dkt. No. 40.

　　　　Plaintiff first sought appointment of counsel in December 2021 (Dkt. No. 15), which was denied (Dkt. No. 23). Plaintiff renewed his motion in September 2022. Dkt. No. 40. On November 7, 2022, the Court found that, at that stage in the proceeding, exceptional circumstances warranted a referral to the District's Pro Bono Panel. Dkt. No. 48 at 3–4. In its

Order, the Court cautioned Plaintiff that its "referral to the Screening Committee does not guarantee that he will be provided *pro bono* counsel." *Id.* at 5.

On December 15, 2022, having received the Screening Committee's recommendation to appoint counsel, the Court granted Plaintiff's Motion for Counsel and directed that counsel be identified from the Pro Bono Panel to represent Plaintiff. Dkt. No. 53 at 4. The Court again reminded Plaintiff that its Order "does not guarantee that the Panel will identify counsel wiling to represent him on a pro bono basis in this matter." *Id.* at 4.

Unfortunately, despite the Court's December 15th Order and the diligent efforts of the Pro Bono Panel in the last three months, *pro bono* counsel could not be secured for Plaintiff.

While most *pro se* litigants would benefit from representation by an attorney, that alone does not warrant appointment of counsel. *See Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (affirming denial of appointment of counsel), *overruled on other grounds*, 154 F. 3d 952 (9th Cir. 1998) (en banc). The Court has exhausted all avenues available to it to secure counsel for Plaintiff, and Plaintiff must continue to represent himself. *See, e.g.*, *Encinas v. Univ. of Wash.*, No. C20-1679, 2023 WL 1991628, at *1 (W.D. Wash. Feb. 14, 2023) (denying motion to appoint counsel where no *pro bono* volunteer was found); *see also Cooper v. City of Ashland*, No. C97-36108, 1999 WL 439427, at *4 (9th Cir. June 22, 1999) (unpublished opinion) ("[T]he selected counsel declined to represent [Plaintiff] and no other pro bono counsel was located . . . . The district court . . . lacked the authority to require counsel to represent [Plaintiff]." (citation omitted)).

Accordingly, it is hereby ORDERED:

(1) The Court's prior Order granting Plaintiff's Motion for Counsel (Dkt. No. 53) is VACATED, and Plaintiff's Motion for Counsel (Dkt. No. 40) is DENIED.

(2)   Plaintiff must proceed *pro se* unless he is able to separately obtain counsel. Plaintiff may seek Court-appointed counsel at a later date upon a change in material circumstances in this case or to seek a limited-scope representation of *pro bono* counsel. Plaintiff is again cautioned that *pro bono* counsel cannot be guaranteed.

(3)   The stay in this matter is LIFTED. The Clerk of Court is DIRECTED to re-note the fully briefed motion to dismiss (Dkt. No. 33) and motion for sanctions (Dkt. No. 39) to today's date.

Dated this 16th day of March 2023.

Tana Lin
United States District Judge