UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAVID Q WEBB,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>NAPHCARE INC,<br><br>　　　　　Defendant. | Case No. 3:21-cv-05761-TMC<br><br>ORDER DENYING MOTION TO COMPEL |

　　　This case arises from pro se Plaintiff David Webb's allegations that Defendant NaphCare was deliberately indifferent to his serious medical needs while he was incarcerated as a pretrial detainee at the Kitsap County Jail. *See* Dkt. 76. Before the Court is Mr. Webb's "Motion to Compel Dr. Adriana Taseva, M.D. To Testify As Expert Medical Witness For Plaintiff." Dkt. 83.

　　　Mr. Webb asks the Court to compel Dr. Taseva to testify at trial. *Id.* at 1. Mr. Webb explains that Dr. Taseva treated him at the Port Orchard Medical Clinic following his release from the Kitsap County Jail. *Id.* at 2. Mr. Webb states that he attempted to contact Dr. Taseva's office before the deadline for disclosure of expert witnesses, but that the administrative staff at the medical clinic would not help him speak directly with Dr. Taseva and then did not return his calls. *Id.* He says that he wishes to "utilize the medical expertise" of Dr. Taseva to testify about

ORDER DENYING MOTION TO COMPEL - 1

his treatment and to rebut the expert testimony of NaphCare's retained expert. *Id.* He asks the Court to compel Dr. Taseva to testify at trial on his behalf. *Id.*

NaphCare responds that Mr. Webb's motion to compel is procedurally improper, that he failed to meet and confer before filing the motion as required by the Local Civil Rules, and that the Court cannot compel Dr. Taseva to serve as an expert or write a report on Mr. Webb's behalf. *See* Dkt. 84.

Putting aside any procedural errors, NaphCare is correct that the Court does not have the power to compel Dr. Taseva to provide opinion testimony on Mr. Webb's behalf or prepare an expert report. *See In re Snyder*, 115 F.R.D. 211, 212 (D. Ariz. 1987); *cf.* Fed. R. Civ. P. 706(a) (in context of court-appointed expert witnesses, "the court may only appoint someone who consents to act"). Mr. Webb may subpoena Dr. Taseva to testify at trial and ask her questions about the treatment she provided, and he may subpoena his medical records from her office, but the testimony she chooses to provide will be her own. Mr. Webb's motion is therefore DENIED.

The Court encourages Mr. Webb to review Federal Rule of Civil Procedure 45, which addresses subpoenas, and civil subpoena forms are available on the Court's website, https://www.wawd.uscourts.gov/court-forms. Mr. Webb may also provide Dr. Taseva's office with a copy of this order if that helps facilitate compliance with a subpoena.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 30th day of August, 2024.

Tiffany M. Cartwright
United States District Judge

ORDER DENYING MOTION TO COMPEL - 2